Submitted on remand from the Oregon Supreme Court October 29, 2008, affirmed March 4, petition for review denied May 14, 2009 (346 Or 213)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH LEE DEHUT,
*Defendant-Appellant.*

Marion County Circuit Court
03C44670; A124718

203 P3d 371

Peter Gartlan, Chief Defender, Appellate Division, and David C. Degner, Deputy Public Defender, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Dehut*, 204 Or App 683, 131 P3d 820 (2006) (*Dehut I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Dehut*, 345 Or 315, 195 P3d 62 (2008). In *Dehut I*, we vacated defendant's sentence and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Dehut I* was erroneous. Accordingly, we affirm.

Defendant was convicted of the offense of inmate in possession of a weapon, and the trial court imposed a durational departure sentence of 60 months' imprisonment. The court gave the following reasons for the departure:

> "I am going to find that there are aggravating factors, specifically, persistent involvement. The defendant has an extensive criminal history that is not adequately represented by simply placing him in category 'A.' I will also note that in addition to this charge it appears that he has a fairly significant history within the institution of being in possession of contraband. I don't know what those contrabands are, but it would certainly indicate that he's not able to conform to the rules when he's institutionalized.

> "And so, I will also find the aggravating factor that he was incarcerated at the time of the offense; that prior sanctions have not deterred his conduct. And I will state that I find that any of those aggravating factors would be a sufficient basis for a departure."

Because the trial court stated that any of the departure factors it identified would independently support its decision to impose a departure sentence, we examine only the departure factor of defendant's failure to be deterred by prior sanctions. As we explained in *State v. Allen*, 198 Or App 392,

396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), *rev den*, 342 Or 46 (2006), an upward departure sentence based on a defendant's supervisory status "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent."

On this record, we conclude that there is no legitimate debate that the jury would have drawn the inference that defendant had failed to be deterred by prior sanctions. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). At sentencing the prosecutor observed that, "[b]ased upon the criminal history as depicted in the PSI, he is a 7/A for purposes of sentencing. He does have a prior 1992 conviction for Kidnap in the Second Degree and two prior 1996 convictions for Theft I, rendering him an 'A' on the grid." Defendant admitted during his testimony that he had several felony convictions "within the past 15 years." He testified that they involved "mostly drugs. There's a couple of assault III's for a couple passengers in the car when I had a wreck, which I'm doing time for now." On cross-examination, defendant admitted to the convictions for theft and kidnapping that the prosecutor referred to at sentencing. Because of the number and frequency of the prior convictions that defendant acknowledged, we conclude that there is no legitimate debate that the jury would have found that he had failed to be deterred by his prior sanctions.

Affirmed.